IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-02357-RPM

DAWN BEATTY,

     Plaintiff,

v.

VITROLIFE, INC.,

     Defendant.

_____

ORDER GRANTING SUMMARY JUDGMENT
_____

Dawn Beatty ("Beatty") worked as an "Engineering Validation Specialist" at Vitrolife beginning in August, 2005. She drove from her home in Windsor Colorado, to Vitrolife's office in Englewood. She suffers from a gastrointestinal illness, either Crohn's Disease or Ulcerative Colitis. Beatty worked from home one day each week from January, 2011, to April, 2012. She went on maternity leave on July 3, 2012, and returned to work on September 17, 2012 as a nursing mother, which required her to pump breast milk while at work.

On January 9, 2013, she attended a meeting with supervisors Skip Benner and Chuck Lakel. Dianne Fant of Human Resources also attended. Beatty was given a Corrective Action Notice as a written warning based on attendance failures. Without discussing these issues, Beatty left the meeting and was ill.

On January 14, 2013, by text message to Lakel, she said she could not return to work and would "be on medical leave for active crohn's disease." On January 23, 2013, Vitrolife sent the paperwork to be completed by her medical provider to Beatty. Lynn

Hightower, N.P., completed the medical questionnaire form on January 31, 2013 with

these pertinent answers:

> Is there a medical reason why Dawn Beatty cannot perform any functions
> of the job as described to you?
>
> no
>
> What is the medical reason for Dawn Beatty's inability to perform the
> above identified job functions?
>
> Job performance may be dampened by abd pain or frequent diarrhea
> (trips to the Bathroom) Increased diarrhea can cause fatigue weakness
> muscle cramps
>
> Can you identify a reasonable accommodation that may enable Dawn
> Beatty to perform the functions of the job?
>
> yes
>
> If yes, please provide specific examples of accommodations that may
> enable Dawn Beatty to perform the effected job function, or that may
> overcome an identified barrier in the workplace associated with the
> impairment.
>
> Accessability to a bathroom when needed
>
> Exh. M, p.3

After her return from maternity leave Ms. Beatty's desk was moved to the second

floor with the other workers in her department.  That was about forty steps from a

restroom.

Upon receipt of the medical form, Fant sent a letter to Beatty saying she was

expected to return to wrok by February 11, 2013.  Beatty responded by letter dated

February 10, 2013:

> I will not be returning to work at Vitrolife due to an unhealthy and hostile
> work environment.  I have not resigned and any further questions can be
> addressed to my lawyer, John A. Cimino. . .

The employer's response by letter dated February 13, 2013, accepted Beatty's letter as a resignation.

The plaintiff claims that she was constructively discharged because she was forced to endure a hostile work environment with multiple adverse employment actions in violation of Title VII of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) and 2003e-3(a) (sex and pregnancy discrimination) and the Americans with Disabilities Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 *et seq.* The defendant moved for summary judgment of dismissal.

To support her claims of discriminatory treatment under Title VII and the ADAA, the plaintiff asserts that in 2011 she was told that she could be placed on a salary which would give more flexibility in her work hours. That did not happen. Her duties were changed in April, 2012, when Benner, plant manager, assumed her role as "safety officer." At about the same time she was no longer permitted to work from home. As a nursing mother she needed to pump breast milk during working hours. She used a conference room when it was not occupied and the women's locker room. On December 18, 2012, a notice was issued to all employees that no food was permitted in the locker rooms pursuant to FDA regulations requiring a "clean room" environment. Beatty interpreted that to preclude her use of the locker room to pump breast milk. Beatty contends that she was treated differently from other workers in the strict attendance requirements imposed on her.

These are not adverse employment actions that adequately support her claims of discriminatory treatment. The defendant has explained that under the FLSA she

could not be classified as a salaried exempt employee and that the restriction on work at home was to avoid potential wage and hour issues under the FLSA.

Assuming these and other matters raised by the plaintiff, including random insults, are adverse employment actions, they are not, taken together, sufficient to support a finding that Beatty's working conditions were so difficult that a reasonable person in her position would feel compelled to resign.  The law requires an objective showing that the adverse employment actions were intolerable to a reasonable person in her position. *EEOC v. PUNF, LLC,* 487 F.3d 790, 805 (10th Cir. 2007).

The plaintiff's response to the defendant's motion for summary judgment has not shown that there is sufficient evidence of discrimination and constructive discharge to support a jury verdict on her claims.  Accordingly, it is

ORDERED that judgment shall enter for the defendant dismissing the plaintiff's claims and this civil action with an award of costs.

DATED: November 23, 2015

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch
Senior District Judge